# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA NIXON, <br><br> Plaintiff, <br><br> vs. <br><br> MICHAEL J. ASTRUE, <br> Commissioner of Social Security, <br><br> Defendant. | Case No. CV 12-4837 DMG (MRW) <br><br> ORDER DISMISSING ACTION |

The Court vacates the reference of this action to the Magistrate Judge and dismisses the action due to Plaintiff's failure to properly prosecute the case.

Plaintiff seeks to appeal the Social Security Administration's denial of disability benefits. Plaintiff filed this action in June 2012. Because Plaintiff was proceeding in forma pauperis and without a lawyer (and apparently failed to make timely service on the agency), Magistrate Judge Wilner ordered the Clerk to serve the complaint on the government. (Docket # 11.) The government answered the complaint and provided Plaintiff with a copy of the administrative record. (Docket # 16.)

The Court informed Plaintiff on several occasions of her obligation to file a motion for summary judgment setting forth her issues on appeal. (Docket # 6 (June 2012), 18 (February 2013), 24 (April 2013).) Additionally, the Court advised Plaintiff that she should consider consulting with a legal services agency (such as Public Counsel or the Pro Se Clinic located at the federal courthouse) to prepare her motion. (Docket # 13, 18, 24.) The Court expressly warned Plaintiff that her failure to file a timely motion explaining her legal position on appeal would lead to the dismissal of her action for failure to prosecute. (Docket # 10, 11, 18, 24.)

To date, Plaintiff has failed to file a comprehensible statement of her grounds for appeal of the agency's determination to this Court. Her minimal filings have been unintelligible statements attached to copies of records of unknown significance to this action.[1] (Docket # 7, 8, 12, 19.) Moreover, despite ample opportunity, Plaintiff filed nothing in response to the Court's most recent order that she file her position with the Court. (Docket # 24.) Notably, neither the government nor the Court know the basis by which Plaintiff seeks appellate review of her case.

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal also may be ordered by the Court sua sponte. Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962). Dismissal of a civil action under Rule 41 may be appropriate to advance the public's interest

---

[1] In addition, the Court denied what it construed to be Plaintiff's motion to recuse the Magistrate Judge, concluding that the motion "does not provide any further explanation or factual basis for Plaintiff's contentions" regarding the judge or the status of the case. (Docket # 23 at 2.) The Court of Appeals subsequently dismissed Plaintiff's interlocutory appeal of that decision. (Docket # 30, 31.)

in the expeditious resolution of litigation, the court's need to manage its docket, and to avoid the risk of prejudice to defendants. Omstead v. Dell, Inc., 594 F. 3d 1081, 1084 (9th Cir. 2010); Ferdik v. Bonzelet, 963 F.2d 1258, 1263 (9th Cir. 1992). Additionally, a court should consider the public policy favoring disposition of cases on their merits and the availability of less drastic alternatives in its evaluation. Carey v. King, 856 F.2d 1439, 1440 (9th Cir.1988); Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.1986).

In the current case, the Court finds dismissal is appropriate. Since June 2012, Plaintiff demonstrated that she has no interest in properly pursuing this action. Plaintiff failed to comply with several clear, direct instructions from the Magistrate Judge to file a proper motion for review of her case – or to try to obtain legal assistance to do so. Even after receiving extended deadlines, several warnings that she faced dismissal of the action for failure to prosecute, and suggestions to accommodate her apparent personal difficulties, Plaintiff did not file any response. This has unnecessarily delayed the litigation. As a result, the Court, the government, and the public have a strong interest in terminating this action. Furthermore, because Plaintiff is a pro se litigant who has not responded to the Court's most recent notices about the case, no sanction short of dismissal will be effective in moving this case forward.

Therefore, this action is hereby DISMISSED without prejudice.

IT IS SO ORDERED.

DATED: October 3, 2013

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

3